UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Ashley Doughty | : | Case No.: |
| Plaintiff | : | **COMPLAINT** |
| v. | : | |
| Unum Life Insurance Company Of America | : | |
| Defendant | : | |

Plaintiff, Ashley Doughty, for her Complaint against Defendant Unum Life Insurance Company ("Unum") states as follows:

1. Plaintiff is an individual who resides in Lewiston, Maine and who is or was a participant in a long-term disability plan (the "Plan") sponsored by her former employer, Geiger.

2. The Plan is funded through a group long term disability insurance policy Unum sold Geiger (the "Policy").

3. Unum is a domestic company located in Portland, Maine.

4. Unum serves as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

5. Plaintiff brings this action to recover benefits under the Plan and Policy.

6. Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(1)(B) and to recover benefits under the Plan and Policy. This Court has subject matter jurisdiction over this action, and it may assert personal jurisdiction over Unum because, per ERISA 502(e), it issued a policy to an employer located in Lewiston, Maine.

## Claim for Relief

7. The Policy provides that Unum will pay long term disability benefits to participants who are participants under the Plan.

8. Under the Policy, disability is defined as follows:

    You are disabled when Unum determines that:

    - you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
    - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

    MATERIAL AND SUBSTANTIAL DUTIES mean duties that:

    - are normally required for the performance of your regular occupation; and
    - cannot be reasonably omitted or modified.

    REGULAR OCCUPATION means the occupation you are routinely performing when your disability begins. Unum will look at your occupation as it is normally performed in the national economy, instead of how the work tasks are performed for a specific employer or at a specific location.

9. Plaintiff stopped working on June 28, 2018, due to the following conditions: intercranial hypertension; migraines; Arnold-Chiari syndrome without spina bifida; Ehlers-Danlos Syndrome; and Raynaud's disease.

10. Plaintiff became disabled under the policy on or about June 28, 2018.

11. Plaintiff has qualified for long term disability under the Policy.

12. Plaintiff timely submitted a claim for long term disability benefits to Unum.

13. Unum initially approved the claim and paid it until March 22, 2022.

14. Plaintiff appealed that determination on November 11, 2022.

15. Unum has not rendered a determination on appeal in violation of ERISA's claims procedure regulation. Accordingly, Plaintiff's administrative remedies are deemed exhausted.

16. Plaintiff is entitled to a judgment against Unum, in the amount of the unpaid long term disability benefits under the Policy and Plan.

17. Plaintiff is also entitled to prejudgment interest and an award of attorney's fees in an amount to be proven.

WHEREFORE, Plaintiff requests the Court grant her the following relief from Defendant:

    a. A judgment in the amount of all benefits due under the Plan/Policy plus prejudgment interest;

    b. An order reinstating her benefits and ordering that they be paid through coverage under the Plan and Policy.

    c. Plainitff's costs and attorney's fees; and

    d. All other relief the Court may deem proper.

Dated: April 7, 2023

/s/ Andrew S. Davis
Andrew S. Davis
DAVIS LAW LLC
PO Box 17887
Portland, Maine 04011
andrew@erisabenefitlawyer.com